IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNDANCER INDIAN JEWELRY, INC.
d/b/a SUNDANCER JEWELRY CO.,
a New Mexico corporation,

       Plaintiff,

v.                                                No. CIV 98-0164 JP/RLP

DEBORAH JEAN HALE, CORRALES
DESIGNS, INC., a New Mexico corporation,
and COLDWATER CREEK, INC., a foreign corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 18, 1998, Defendant Deborah Jean Hale filed a Renewed Motion to Dismiss Defendant Deborah Jean Hale Under FED. R. CIV. P. 12(b)(6) or, in the Alternative, Motion for Summary Judgment (Docket No. 23). After thoroughly considering the law, the facts available, and the arguments of counsel, I conclude that Defendant's Motion to Dismiss should be denied and Defendant's Alternative Motion for Summary Judgment should be continued until discovery takes place.

**I.    BACKGROUND**

On February 9, 1998, Plaintiff Sundancer Indian Jewelry, Inc. ("Sundancer") filed a complaint against Defendant Deborah Jean Hale ("Hale") for copyright infringement. Sundancer alleged that Hale, as president and sole shareholder of Corrales Designs, Inc. ("Corrales

Designs"), infringed upon copyrights held by Sundancer when Corrales Designs manufactured jewelry similar to Sundancer's jewelry at the direction of Coldwater Creek, Inc. ("Coldwater"), an Idaho distributor. On June 3, 1998, Plaintiff submitted a Motion to Amend and Join parties to include Corrales Designs and Coldwater as defendants. While Hale did not oppose the addition of Corrales Designs and Coldwater as defendants, she requested that Corrales Designs be substituted for her as a defendant. Consequently, Defendant Hale filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), or in the Alternative a Motion for Partial Summary Judgment with her response to Plaintiff's Motion.

On June 15, 1998, I granted the Plaintiff's motion to join Corrales Designs and Coldwater as defendants. Regarding Defendant's motion, I stated that if the plaintiff's amended complaint realleged claims against Hale, she may, at that time, proceed with her motion to dismiss or, in the alternative, motion for partial summary judgment. The plaintiff's amended complaint, filed on June 18, 1998, reasserted claims against Hale as a defendant. The amended complaint's third cause of action claims that Corrales Designs is a sham and alter ego of Defendant Hale. The plaintiff, therefore, asks that the court pierce the corporate veil and hold Hale personally liable.

On August 17, 1998, Defendant filed a Renewed Motion to Dismiss Defendant Deborah Jean Hale under FED. R. CIV. P. 12(b)(6) or, in the Alternative, Motion for Partial Summary Judgment. Hale contends that she does not manufacture jewelry in her personal capacity but only as an agent of Corrales Designs and, therefore, the Plaintiff fails to state a claim upon which relief can be granted. Hale attached an affidavit in support of her contention stating that she does not personally design, manufacture, or sell jewelry, but does so only as an agent of Corrales Designs.

Plaintiff argues that Hale, as president, employee, and sole shareholder of Corrales

Designs should be held personally liable for any alleged infringement. Plaintiff argues that the Hale is personally liable because: 1) she caused Corrales Designs to infringe upon the Copyright and participated in such acts; and 2) she was the corporate officer who had the ability to supervise the infringing activity and had a financial interest in such activity. Plaintiff asks that the Motion to Dismiss be denied and that the Alternative Motion for Partial Summary be denied or held in abeyance until discovery takes place.

## II ANALYSIS

### A. Defendant Hale's 12(b)(6) Motion To Dismiss

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss a claim if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

In this case, Defendant Hale seeks to dismiss the claim against her individually on the ground that the plaintiff's claim should be directed at the corporations involved in the alleged copyright infringement, not against her personally. However, if inferences are to be drawn in the plaintiff's favor solely on the information within the pleadings, the defendant's argument fails. The complaint raises sufficient questions regarding Hale's relationship to Corrales Design to justify the plaintiff's claim.[1] It is not certain from the pleadings that the plaintiff will be unable to prove that

---

[1] In both the Amended Complaint and the Plaintiff's Response to Defendant's Motion to Dismiss, the plaintiff argues that Hale may be held personally liable because she caused Corrales Designs to infringe upon the

3

Corrales Designs is in fact a sham and alter ego of Hale. The plaintiff may be able to prove that Hale caused Corrales Designs to infringe upon the Plaintiff's Copyright and therefore Defendant Hale may be held personally liable.[2] Moreover, Defendant Hale, as officer, employee, and sole shareholder, may be held personally liable if she had direct responsibility for, and a financial interest in, the alleged infringement.[3] For these reasons, the Plaintiff has alleged a claim for which relief can be granted. Therefore, the motion to dismiss should be denied.

B. **Alternative Motion for Partial Summary Judgment**

Summary judgment is appropriate if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings. *See* FED. R. CIV. P. 56 (e). In reviewing a summary judgment motion, the evidence must be viewed in a light most favorable to the nonmoving party. *See Frandsen v. Westinghouse*

---

copyright and participated in such acts. *See Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730 (S.D.N.Y. 1981). The plaintiff further argues that Hale was the corporate officer who had the ability to supervise the infringing activity and who had a financial interest in such activity, again making her personally liable. *See Schumann v. Albuquerque Corp.*, 664 F.Supp. 473 (D.N.M. 1987).

[2] *See Lauratex Textile Corp.* at 731("Where [the sole stockholder and officer] directly causes a corporate defendant to infringe and personally participates in the acts constituting the infringement, [she] is jointly and severally liable for the infringement.").

[3] *See Schumann* at 478. The defendant, as vice-president and controlling stockholder of the corporation, was held vicariously liable for corporation's copyright infringement because the defendant had both responsibility for, and a direct financial stake in, the operations of the corporation and took no reasonable precautions against the infringing activity.

*Corp.,* 46 F.3d 975, 977 (10th Cir. 1995).

The "alter ego" doctrine permits piercing the corporate veil when: 1) the stockholder and corporation have not maintained separate identities; and 2) "adherence to corporate fiction would sanction fraud, promote injustice, or lead to evasion of legal obligations". *F.D.I.C. v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994). In determining the first prong of the test, whether personalities and assets of the corporation and stockholders have been blurred, the court considers the degree to which legal formalities have been maintained and the degree to which individual and corporate assets and affairs have been commingled. *See National Labor Relations Board v. Greater Kansas City Roofing*, 2 F.3d 1047, 1052 (10th Cir. 1993). In *N.L.R.B.,* the court listed specific factors to be considered by in determining whether the corporation and its stockholders have maintained their separate identities. *See id,* n. 6. Factors 2, 3, 5, and 8 require consideration of the financial records of the company in question. Factor 4 requires a look at the nature of the corporation's ownership and control. *Id*.

The second prong of the alter ego test requires elements of unfairness, injustice, fraud, or other in equitable conduct as prerequisite to piercing the corporate veil. *See id*. This showing of inequity must flow from the misuse of the corporate form. Even an individual shareholder's participation in a copyright infringement would not be sufficient to pierce the corporate veil if the individual was acting under proper corporate form and was respecting a separate corporate identity. *Id* at 1053. Therefore, an individual who is sought to be personally charged with corporate liability by piercing the corporate veil must have shared in the moral culpability or injustice. *Id*.

The plaintiff argues that Hale's position as president, employee, and sole shareholder in

5

Corrales Designs is sufficient evidence that the "nature of the corporation's control" is such that the corporate veil should be pierced. Defendant Hale, in her affidavit, admits to being president, sole shareholder, and director of Corrales Designs. She further admits to being involved in several "facets of the business including the design of jewelry, supervising the manufacture of jewelry, and selling and marketing particularly to key customers," but claims to do so only as an agent of Corrales Designs. Since evidence is to be construed in the light most favorable to the non-movant, Hale's admissions should be read to infer that the nature of the corporation's control was such that there was a blurring of the lines. However, only an examination of the financial records and a deposition of Hale can effectively determine the nature of Hale's relationship to Corrales Designs.

FED. R. CIV. P. 56(f) states that the court may order a continuance on a summary judgment motion where the party opposed to the motion cannot present facts essential to justify that party's opposition. The plaintiff argues that "[e]ssential facts to dispute the Summary Judgment aspects of the Motion are exclusively with or largely under the control of Hale and Corrales Designs." (Plaintiff's Response, p. 2). The plaintiff points specifically to information that may be contained in the Corporate Books and Records of Corrales Design. Since several of the factors to be considered under the alter ego test involve the nature of and information contained within those financial records, discovery of those materials is appropriate before a ruling is made on the Partial Motion for Summary Judgment. Moreover, the plaintiff's arguments that Hale caused the alleged infringement, had the ability to police the alleged infringement, and had a financial interest in the alleged infringement raise enough questions as to Hale's "moral culpability" in the alleged infringement to further warrant a continuance until Hale can be deposed. The

6

affidavit presented by the defendant does not effectively eliminate all questions of fact, therefore, the defendant's motion for summary judgment should be continued until after Hale is deposed and the plaintiff has had the opportunity to examine Corrales Designs' financial records.

IT IS THEREFORE ORDERED that Defendant Deborah Jean Hale's Motion to Dismiss (Docket No. 23) is denied and that Defendant Hale's Alternative (Docket No. 23) Motion for Summary Judgment is continued until the Rule 56(f) discovery is completed.

_____
UNITED STATES DISTRICT JUDGE